Chad M. Nicholson, ISB #7506
Gary S. Greenlee, ISB #10125.
MCCONNELL WAGNER SYKES & STACEY PLLC
827 E. Park. Blvd, Suite 201
Boise, Idaho 83712
Telephone:  208.489.0100
Facsimile:  208.489.0110
nicholson@mwsslawyers.com
greenlee@mwsslawyers.com

Attorneys for Plaintiff C.C.P.D., Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| C.C.P.D., Inc., an Oregon corporation,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>JOHN PROCTOR, an individual, and MARGARET RAE PROCTOR, an individual,<br><br>　　　　　　　Defendants. | Case No. _____<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

**COMES NOW** Plaintiff C.C.P.D., Inc. ("CCPD"), by and through its counsel of record McConnell Wagner Sykes & Stacey PLLC, and for its Complaint against Defendants John Proctor and Margaret Rae Proctor, states and alleges as follows:

## **PARTIES**

1.　　CCPD is an Oregon corporation with its principal place of business in Pendleton, Oregon.

2. Upon information and belief, Defendants are individuals residing in Canyon County, Idaho.

## JURISDICTION AND VENUE

3. Original jurisdiction of this Court is based upon and conferred by 28 U.S.C. §1331, 28 U.S.C. §1332(a)(1), and 42 U.S.C. §9613(b).

4. Supplemental jurisdiction of this Court is based upon and conferred by 28 U.S.C. §1367(a).

5. Venue is proper in this District under 28 U.S.C. §1391(b)(1) and (2).

## GENERAL ALLEGATIONS

6. Defendants are the former owners of certain real property located at 825 West Chinden Boulevard, Meridian, Idaho ("Property"). The legal description of the Property is attached hereto as Exhibit A.

7. Upon information and belief, one or both of the Defendants operated a business at the Property called Boise Valley Fence Company ("BVFC").

8. Upon information and belief, BVFC is or was an unincorporated sole proprietorship.

9. In the course of operating BVFC, one or both of the Defendants used, generated, stored, disposed of, or transported oil or petro-chemical products, PCB's, asbestos, urea formaldehyde, flammable explosives, radioactive materials, hazardous wastes, toxic substances, or related materials (collectively "Hazardous Substances") on the Property.

10. The use, storage, disposal, and/or transport of Hazardous Substances on the Property resulted in contamination of the soil at the Property.

11. On or about April 20, 1988, the United States Environmental Protection Agency ("EPA") designated the Property a "superfund" site.

12. Defendants owned the Property at the time of the "superfund" designation.

13. Defendants operated BVFC on the Property before and at the time of the "superfund" designation.

14. On or about March 15, 2006, Defendants sold the Property to Captain 1, LLC ("Captain 1"), an Idaho Limited Liability Company.

15. CCPD, Kerry Angelos, an individual, and LD, Inc. ("LD"), an Idaho corporation, were the members of Captain 1 when Captain 1 purchased the Property.

16. In conjunction with their sale of the Property to Captain 1, Defendants executed the following "Hazardous Substance Affidavit":

> Seller, John Proctor and Rae Proctor represents and warrants to the Buyer, Captain 1, LLC, an Idaho Limited Liability Company that the property in exhibit "A" has not been a site for the use, generation, manufacturing, storage, disposal or transportation of any oil or petro-chemical products, PCB's, asbestos, urea formaldehyde, flammable explosives, radioactive materials, hazardous wastes, toxic substances or related materials, including without limitation, any substances defined as or included in the definition of "hazardous substances," "hazardous wastes," "hazardous materials," or "toxic substances" under any applicable federal or state laws or regulations (collectively, "hazardous materials"); and (ii) shall not be used in any manner which will result in hazardous materials being spilled or disposed on any adjacent or other property.

17. Subsequent to the aforementioned sale of the Property by Defendants to Captain 1, the Property was used solely for agricultural purposes.

18. Effective December 14, 2009, CCPD acquired LD's interest in Captain 1, thus becoming the sole owner of Captain 1.

19. On December 23, 2011, Captain 1 conveyed the Property to CCPD.

20. On or about March 7, 2017, CCPD first learned of the contamination at the Property.

21. The cost to remediate the contamination at the Property will exceed $200,000.

## FIRST CAUSE OF ACTION
### (Fraud)

22. CCPD repeats herein by this reference each and every allegation set forth in Paragraphs 1 through 20, inclusive, as if said paragraphs were fully set forth herein.

23. Defendants represented in the "Hazardous Substance Affidavit" that no Hazard Substances had been used, stored, disposed of, or transported on the Property.

24. Defendants knew when they executed the "Hazardous Substance Affidavit" that they had used, stored, disposed of, or transported Hazardous Substances on the Property in connection with their operation of BVFC or otherwise.

25. Defendants knew when they executed the "Hazardous Substance Affidavit" that a prior owner of the Property had used, stored, disposed of, or transported Hazardous Substances on the Property.

26. Defendants' representation that no Hazardous Substances had been used, stored, disposed of, or transported on the Property was false.

27. Defendants' misrepresentation regarding Hazardous Substances concealed the contamination at the Property, thus significantly and materially inflating the value of the Property.

28. Defendants knew when they executed the "Hazardous Substance Affidavit" that the representations contained therein were false.

29. Defendants expected and intended that Captain 1 and its members, including CCPD, would rely upon the representations made by Defendants in the "Hazardous Substance Affidavit."

30. At the time of the conveyance of the Property by Defendants to Captain 1, CCPD did not know that Defendants' representations in the "Hazardous Substance Affidavit" were false.

31. CCPD relied upon Defendants' representations in the "Hazardous Substance Affidavit" in determining whether to purchase the Property and at what price.

32. CCPD had no knowledge of the contamination of the Property, or the use and storage of Hazardous Substances thereon, and therefore was justified in relying upon Defendants' representations in the "Hazardous Substance Affidavit."

33. Due to Defendants' misrepresentations, Captain 1 and its members, including CCPD, paid a grossly inflated price for the Property.

34. CCPD is entitled to recover the difference between the price Captain 1 paid for the Property and the Property's actual value at the time of the sale, plus interest from the date of the sale in an amount to be determined with specificity at trial, presently understood to be not less than $200,000.

35. CCPD has been required to retain the services of an attorney to bring this suit and is entitled to recover its costs and reasonable attorney fees in an amount not less than $3,500.00 if judgment is entered by default, and if this matter is contested such other and further amounts as this Court may find reasonable pursuant to Idaho Code §§12-120 and 12-121.

**SECOND CAUSE OF ACTION**
**(CERCLA, 42 U.S.C. §9607)**

36. CCPD repeats herein by this reference each and every allegation set forth in Paragraphs 1 through 35, inclusive, as if said paragraphs were fully set forth herein.

37. The Property is a site or area where Hazardous Substances have been deposited, stored, disposed of, or placed, or otherwise came to be located, and therefore qualifies as a "facility" as that term is defined in 42 U.S.C. §9601(9).

38. Defendants owned the Property when Hazardous Substances were disposed of or released there and therefore qualify as "covered persons" as that term is defined in 42 U.S.C. §9607(a).

39. CCPD has incurred costs in connection with the release of Hazardous Substances at the Property, including but not limited to costs associated with monitoring, assessing, and evaluating the release of Hazardous Substances.

40. Costs incurred and responsive actions taken by CCPD conform with the National Contingency Plan formulated by EPA.

41. Pursuant to 28 U.S.C. §2201, 42 U.S.C. §9607, and F.R.C.P. 57, CCPD is entitled to recover from Defendants all necessary costs incurred by CCPD in connection with the release of Hazardous Substances at the Property, and a declaration that Defendants shall be liable to CCPD for any necessary costs to be incurred by CCPD in connection with the release of Hazardous Substances at the Property in an amount to be determined with specificity at trial.

### PRAYER FOR RELIEF

**WHEREFORE,** CCPD prays for judgment against Defendants as follows:

A. As to the First Cause of Action, the entry of judgment in favor of CCPD and against Defendants as follows:

   1. For the difference between the price Captain 1 paid for the Property and the Property's actual value at the time of the sale, such amount to be determined at trial, plus interest from the date of the sale in an amount to be determined with specificity at trial, presently believed to be not less than $200,000;

      2.      For an award of costs and reasonable attorney fees in an amount not less than $3,500.00 if judgment is entered by default, and such further amounts as the Court may find reasonable if this matter is contested; and

      3.      For such other and further relief as this Court deems just and proper.

B.      As to the Second Cause of Action, the entry of judgment in favor of CCPD and against Defendants as follows:

      1.      For the sum of all necessary costs incurred by CCPD in connection with the release of Hazardous Substances at the Property, and a declaration that Defendants shall be liable to CCPD for any necessary costs to be incurred by CCPD in connection with the release of Hazardous Substances at the Property, such amounts to be proven at trial; and

      2.      For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to F.R.C.P. 38, CCPD hereby demands a jury trial on all issues so triable.

**DATED** this 29th day of January 2019.

                                                      MCCONNELL WAGNER SYKES &
                                                        STACEY PLLC

                              BY:      */s/ Chad M. Nicholson*
                                                  Chad M. Nicholson
                                                  Attorneys for Plaintiff C.C.P.D., Inc.